UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

In re:
Michael A. James
Cassie P. James,                                    19-70674-FJS
            Debtors.                                Chapter 7

**MOTION TO DISMISS UNDER 11 U.S.C. §§ 707(b)(2) and 707(b)(3)**

John P. Fitzgerald, III, Acting United States Trustee for Region Four, by counsel, files

this Motion to Dismiss under section 707(b)(2) and 707(b)(3) (Motion) and in support states as

follows:

## JURISDICTION

1.      The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the

Order of Reference of the U.S. District Court for the Eastern District of Virginia dated August

15, 1984. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of this proceeding

is proper under 28 U.S.C. §§ 1408 and 1409.

## FACTS

2.      On February 22, 2019, the debtors filed a voluntary chapter 7 petition under Title

11 of the United States Code (Bankruptcy Code).

3.      The debtors' debts are primarily consumer debts. *See* Docket Entry No. 1,

Voluntary Pet., Part 6, Line 16a.

4.      The debtors disclosed $252,342.17 in total nonpriority unsecured debt. *See*

Docket Entry No. 13, Schedules E/F, Part 4, Line 6j.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA  23510
(757) 441-6012

5.      The debtors claimed a household size of two. *See* Docket Entry No. 16, Means Test, Line 13.

6.      The debtors reported $6,487 in current monthly income. *See* Docket Entry No. 16, Means Test, Line 12a.

7.      The debtors' annual income exceeds the applicable median income for a household size of two. *See* Docket Entry No. 16, Means Test, Line 12b, 13.

8.      Because the debtors are above-median income debtors, Official Form 122A-2 (Means Test Part 2) is required to be completed to determine if a presumption of abuse arises.

9.      The debtors claimed $5,255.40 in monthly deductions. *See* Docket Entry No. 16, Means Test Part 2, Line 38.

10.     According to the debtors' Means Test Part 2, the presumption of abuse arises. *See* Docket Item No. 16, Means Test Part 2, Line 40.

11.     The Means Test Part 4 allows the debtors to declare special circumstances to rebut the presumption of abuse. The debtors did not assert any special circumstances to rebut the presumption of abuse. *See* Docket Entry No. 16, Means Test 4, Line 43.

12.     On April 15, 2019, the U.S. Trustee filed a statement of presumed abuse. *See* Docket Entry No. 25.

13.     On March 18, 2019, the debtors filed a motion to convert this case to one under chapter 13. A hearing on the debtors' motion is scheduled for May 29, 2019. *See* Docket Entry Nos. 19, 28.

14.     The deadline for the U.S. Trustee to file a motion to dismiss is May 15, 2019.

## LEGAL ARGUMENT

15.     Dismissal of this case is required because the presumption of abuse arises and has not been rebutted. Additionally, under the totality of circumstances the debtors have an ability to repay creditors to warrant dismissal under section 707(b)(3)(B).

16.     Where debts are primarily consumer debts, the court may, after notice and a hearing, dismiss a chapter 7 case "if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1). *In re Wenzel*, No. 14-32432, 2015 WL 1087409, at *2 (Bankr. N.D.Ohio March 9, 2015).

17.     A chapter 7 case is presumptively abusive if the debtor, whose income exceeds the applicable median family income, reports that his or her disposable income, as calculated under the means test, exceeds certain statutory thresholds. 11 U.S.C. § 707(b)(2)(A)(i), (b)(6); *see also Williams v. McDow* (*In re Williams*), No. 10-00049, 2010 WL 3292812, at *1 (W.D. Va. Aug. 19, 2010).

18.     The initial burden lies with the moving party seeking dismissal under section 707(b)(2). However, once a presumption of abuse arises the burden shifts to the debtor to rebut the presumption. *See In re Showers*, No. 08-30359, 2008 WL 5786900, at *3 (Bankr. E.D.Va. Nov. 19, 2008).

19.     The debtor may rebut the presumption "by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." 11 U.S.C. § 707(b)(2)(B)(i); *see also In re Ervin*, No. 15-70467, 2016 WL 721043, at *6 (Bankr. W.D.Va. Feb. 23, 2016); *In re Burdett*, No. 12-12066, 2013 WL 865575, at *3 (Bankr. E.D.Va. March 7, 2103).

20.     The debtors are individuals with primarily consumer debts and whose currently

monthly income less allowable deductions multiplied by sixty exceeds the $12,850 threshold.

Based upon the Means Test the presumption of abuse arises. *See* Docket Entry No. 16, Means

Test Part 2, Line 40.

21.     The burden shifts to the debtors to rebut the presumption of abuse by establishing

special circumstances. *See In re Harmon*, 446 B.R. 721, 726 (Bankr. E.D.Pa. 2011); *see also In

re Weaver*, 570 B.R. 596, 600-01 (Bankr. M.D.Tenn. 2017).

22.     The debtors did not allege any special circumstances and the presumption of

abuse remains unrebutted. *See* Docket Entry No. 16, Means Test 4, Line 43.

23.     The presumption of abuse stands unchallenged and dismissal of this case under

section 707(b)(2) is mandatory[1]. *In re Witek*, 383 B.R. 323, 329 (Bankr. N.D.Ohio 2007); *see

also In re Maura*, 491 B.R. 493, 518 (Bankr. E.D.Mich. 2013).

24.     Additionally grounds exists to dismiss this case under section 707(b)(3).

25.     A court may dismiss a chapter 7 case upon a finding that granting relief would be

an abuse under the totality of circumstances. 11 U.S.C. § 707(b)(3)(B).

26.     A debtor's ability to repay a portion of their unsecured debt alone is sufficient to

warrant dismissal under the "totality of circumstances" analysis. *See In re Williams*, No. 10-

03620, 2011 WL 10468090, at *3 (Bankr. S.D. Iowa July 14, 2011) (citing *United States Trustee*

---

[1] Some courts have construed § 707(b)(1) as giving a court the discretion of whether to allow a case to continue as a chapter 7 or dismiss where the presumption of abuse arises and is not rebutted. *See In re Siler*, 426 B.R. 167 (Bankr. W.D.N.C. 2010). As the court in *Maura* explained "[e]ven those courts that hold § 707(b)(1) to be permissive recognize the narrow scope of their discretion not to dismiss, in the face of an unrebutted presumption of abuse ." *Maura*, 491 B.R. at 517. The better view is articulated by *Maura* that the court's discretion is whether to convert or dismiss a chapter 7 in light of an unrebutted presumption of abuse. *Id.*; *see also In re Alther*, 537 B.R. 262 (Bankr. W.D.Va. 2015).

*v. Harris*, 960 F.2d 74, 76 (8th Cir. 1994)); *see also In re Calhoun,* 396 B.R. 270, 275-76 (Bankr. D.S.C. 2008) *aff'd,* 650 F.3d 338 (4th Cir. 2011)[2].

27.     "In deciding the Motion to Dismiss, the relevant question for the Court is not whether Debtors would be required to pay anything in a chapter 13 case, but whether the totality of the circumstances of Debtors' financial condition in this chapter 7 case show an ability to repay their debts." *In re Lamug*, 403 B.R. 47, 57 (Bankr. N.D.Cal. 2009).

28.     "Schedules I and J is the appropriate figure to be used in examining [the debtors'] ability to pay as part of the totality of the circumstances test."  *In re Boule*, 415 B.R. 1, 6 n.7 (Bankr. D.Mass. 2009) (citations omitted); *see also In re Mestemaker*, 359 B.R. 849, 858 n. 5 (Bankr. N.D.Ohio 2007).

29.     However, when the debtor's schedules are inaccurate the court will make adjustments as necessary. *See In re Beckerman*, 381 B.R. 841, 851-52 (Bankr. E.D.Mich. 2008); *see also In re Lipford*, 397 B.R. 320, 330-31 (Bankr. M.D.N.C. 2008) (citations omitted).

30.     The debtors disclosed combined net monthly income of $5,513.95 and did not disclose any foreseeable decreases. *See* Docket Entry No. 13, Schedule I, Lines 12-13. The debtors appear to have stable sources of income, which supports a finding of an ability to pay unsecured creditors. *See In re Smith*, No. 15-36486, 2016 WL 7441605, at *6 (Bankr. N.D.Ill. Dec. 27, 2016); *see also In re Bender,* 373 B.R. 25, 30 (Bankr. E.D. Mich. 2007).

31.     The debtors disclosed monthly expenses of $4,836.65 and disposable net monthly income of $677.30. *See* Docket Entry No. 13, Schedule J, Lines 22c, 23c.

32.     Based upon the debtors' disclosures there exists an ability to repay creditors.

---

[2] The Fourth Circuit previously ruled that a debtor's ability to repay creditors standing alone is not sufficient to warrant dismissal under section 707(b). *Green v. Staples* (*In re Green*), 934 F.2d 568 (4th Cir. 1991).  However, since section 707(b) was amended in 2005 the enduring applicability of *Green* is unclear. *See In re Fox*, 521 B.R. 520, 528-29 (Bankr. D.Md. 2014) (collecting cases).

33.	The totality of the debtors' financial circumstances establishes their ability to pay creditors that supports a finding of abuse to dismiss this case. *In re Williams*, 2011 WL 10468090, at \*3 (citing *Harris*, 960 F.2d at 76)).

### CONCLUSION

WHEREFORE, the United States Trustee moves this Court to dismiss this case under section 707(b)(2) and section 707(b)(3)(B). Additionally, the U.S. Trustee seeks such other and further relief as the Court may find appropriate and just.

Respectfully Submitted,

John P. Fitzgerald, III
Acting United States Trustee
for Region Four

By /s/ Nicholas S. Herron

Kenneth N. Whitehurst, III, Esq.
Assistant U.S. Trustee

Nicholas S. Herron, Esq.
Trial Attorney

CERTIFICATE OF SERVICE

I certify on **May 8, 2019**, service on all attorney Users in the case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09. A copy of this Motion, Notice of Motion and Exhibits was mailed to: Michael A. James and Cassie P. James 25482 Mary Hunt Road, Newsoms, Virginia 23874 (Debtors); Gregory K. Pugh, Esq., Gregory K. Pugh, P.C., 2404 Princess Anne Road, Virginia Beach, Virginia 23456 (Counsel for Debtors), by regular first class, United States mail, postage prepaid.


/s/ Nicholas S. Herron